# In the United States District Court for the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| JAMES RIVER EQUIPMENT VIRGINIA, LLC, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELTA EQUIPMENT, LLC, | : | |
| | : | |
| Defendant. | : | NO. CV205-165 |

## FINDINGS OF FACT

1.   Plaintiff, James River Equipment Virginia, LLC ("James River"), initiated the instant matter by filing a Complaint seeking monetary damages and, further, seeking the immediate possession of its machine that was in the possession of Defendant, Delta Equipment, LLC ("Delta").  Plaintiff predicated its claims under theories of replevin, conversion, and breach of contract.

2.   After Delta failed to file an answer within the time limits prescribed by the Federal Rules of Civil Procedure, the Clerk entered default on James River's behalf, and the Court scheduled a hearing on damages.

AO 72A
(Rev. 8/82)

3. Prior to the scheduled hearing on damages, the parties reached a compromise agreement that was memorialized and filed of record on October 21, 2005.

4. According to the consent order, dated October 21, 2005, Delta was obligated to deliver the agreed upon machine, with an appropriate head attached, to Plaintiff's facility by 10:00 A.M. EST on October 27, 2005. The consent order stated that "the head to be delivered is to be a 2004 head, comparable to the head put on the machine previously converted by Delta for James River." Dkt. No. 14, ¶ 1.

5. The consent order further provided that

> if the machine with all improvements as set forth in the preceding paragraph is not delivered by 10:00 A.M. EST on October 27, 2005, to James River's Virginia facility, judgment will be entered in favor of Plaintiff and against Defendant in the amount of One Hundred Thirty-five Thousand Three Hundred Twenty-five ($135,325) Dollars.

Dkt. No. 24 ¶ 2.

6. Plaintiff's monetary damages include lost profits and a credit that it was owed by Defendant.

7. The matter came before the Court for a hearing on December 2, 2005, and Plaintiff presented evidence that its representatives inspected the machine while Defendant was using it in Tennessee. During the course of its inspection,

Plaintiff's agents noted that the appropriate 2004 head was attached.

8. Defendant thereafter brought the machine to Brunswick, Georgia, before delivering it to Plaintiff's facility in Virginia. After taking off the head that Plaintiff observed on the machine in Tennessee, Defendant placed a 1999 head on the machine.

9. Delta delivered the machine, with the older head attached, to James River's facility on October 26, 2005. Counsel for James River immediately notified Delta that the machine was delivered with the wrong component part.

10. It is uncontroverted that the 2004 head was not delivered within the time required by the consent order, entered on October 21, 2005. On or about October 28, 2005, Delta delivered the 2004 head component part to James River, but did not attach the head to the machine upon delivery.

11. Thereafter, Plaintiff moved for an extension of time to determine whether it would agree to waive certain rights it had under the terms of the October 21, 2005, Order. The Court granted Plaintiff's motion and gave it an additional ten days to make the required election.

AO 72A
(Rev. 8/82)

12   After James River determined that the 2004 head was defective, it moved the Court for the entry of the consent judgment, attached as Exhibit "A" to the consent order.

## CONCLUSIONS OF LAW

1.   The Court finds that Delta breached the consent order by failing to deliver the machine with appropriate head within the required deadline established by the parties.  The breach was material and James River is entitled to an entry of judgment consistent with the terms described in Exhibit "A" to the order of October 21, 2005.

2.   James River presented evidence that the 2004 head, which was delivered late, was in a defective condition, and Delta presented no evidence that the 2004 head was actually in good working order when delivered.

3.   In accordance with the terms of the parties' consent order, Plaintiff is entitled to possession of the heavy machinery, identified as 643H Serial #WC643HX882340, together with all improvements thereto, and to a monetary judgment in the amount of One Hundred Thirty-five Thousand Three Hundred Twenty-five ($135,325) Dollars.

AO 72A
(Rev. 8/82)

4. Based upon the foregoing findings of fact and conclusions of law, the Court will enter an Order herewith.

**SO ORDERED**, this _22_ day of December, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)